```
    IN THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY
```

DAVID PAUL STABNAU,

                Plaintiff,

                              Civil No. 14-4017(NLH)

   v.

                              OPINION

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

**APPEARANCES:**

    DANIEL SYLVESTER JONES
    LAW OFFICES OF HARRY J. BINDER & CHARLES E. BINDER
    60 EAST 42ND STREET
    SUITE 520
    NEW YORK, NY 10165
        *On behalf of Plaintiff*

    SHANNON G. PETTY
    SOCIAL SECURITY ADMINISTRATION
    OFFICE OF THE GENERAL COUNSEL
    300 SPRING GARDEN STREET
    6TH FLOOR
    PHILADELPHIA, PA 19146
        *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq.  The issue

before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, April 3, 2009.  For the reasons stated below, this Court will affirm that decision.

I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits, claiming that as of April 3, 2009, his chronic obstructive pulmonary disease (COPD), sarcoidosis, obesity, affective disorder, and anxiety disorder have left him completely disabled and unable to work.  Prior to that date, Plaintiff worked as a fast food worker.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled, as he retained the ability to perform light work with certain restrictions.  Plaintiff appealed the decision.  The Appeals Council reviewed the ALJ's decision, and upheld it, thus rendering it as final.  Plaintiff now seeks this Court's review.

II.  DISCUSSION

   A.  Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's

application for Disability Insurance Benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th

Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches
> an abdication of the court's duty to
> scrutinize the record as a whole to
> determine whether the conclusions reached
> are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although

4

an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.   Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). Under this definition, a Plaintiff qualifies as

5

disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1.  If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2.  If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3.  If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4.  If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5.  Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional

6

>
> capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C. Analysis**

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of

disability (Step One).  The ALJ next found that Plaintiff's chronic obstructive pulmonary disease (COPD), sarcoidosis, obesity, affective disorder, and anxiety disorder were severe (Step Two).  The ALJ then found that Plaintiff's impairments did not meet the medical equivalence criteria (Step Three).  At Step Four, the ALJ found that even though Plaintiff was not capable of performing his previous job as a fast food worker, Plaintiff had the residual functional capacity (RFC) to perform other jobs at the light work level, such as a garment sorter, packer, or mail room clerk, which are in significant numbers in the national economy (Step Five).

   Plaintiff has appealed the denial of his benefits only with regard to his anxiety disorder, which he argues renders him completed disabled independent of his other severe conditions. Plaintiff argues that the ALJ erred in his decision by discounting the opinions of his treating psychiatrist, and by not properly assessing his credibility about his own inability to work.  The Court finds that substantial evidence supports the ALJ's determination, and the ALJ therefore did not err in his decision.

   With regard to Plaintiff's first argument, the Court finds that the ALJ issued a thorough and well-supported decision that

8

specifically articulates why he did not accept the opinions of Dr. Theresa Bell, Plaintiff's psychiatrist, over the opinions of the state consultative physicians.  Even though Dr. Bell noted that Plaintiff's social anxiety order was "perhaps the worst [she has] seen," the ALJ pointed out that Plaintiff only attended three sessions with Dr. Bell during the relevant time period of August 2010 and December 2011, and that two- to four-year gaps existed between subsequent treatments.  He also noted that many of Dr. Bell's treatment notes were simply a memorialization of Plaintiff's subjective complaints, rather than her own observations.  The ALJ contrasted Dr. Bell's records with those of the consultative physicians, who found that Plaintiff was limited in his ability to interact with co-workers or face the general public, but that Plaintiff maintained a logical thought process, his impairments did not impede daily functions, and that he was only mildly or moderately limited by his anxiety condition.

It is true that Social Security regulations provide that a treating physician will be afforded controlling weight as to the nature and severity of a claimant's impairment, but that weight is not automatic.  The treating doctor's opinion will carry more weight than any other doctor only if it is well-supported by

9

medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence of record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p.  Moreover, "[w]hen a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.  The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted); see also Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another.").  In this case, the ALJ properly supported his decision to afford little weight to Dr. Bell's testimony and greater weight to the consultative physicians' statements, which were corroborated by the other evidence in the record.  Thus, the ALJ did not err in his assessment of Plaintiff's treating physician's opinion.

    As to Plaintiff's argument that the ALJ did not properly assess his credibility, the Court finds the contrary.  Plaintiff testified that he felt faint when he left the house, and was nervous and uncomfortable around other people, but he was able to interact with his family, prepare his own meals, do dishes,

10

vacuum, care for pets, watch TV, play on his computer, and maintain activities of daily living and personal hygiene. Plaintiff reported that he felt his whole world was collapsing, but that after only three treatments, he dropped out of care by Dr. Bell.  Plaintiff stated that he had ceased taking his medications because he was afraid of what they would do to him, but Plaintiff stated that he had not experienced any side-effects while on the medication, and Dr. Bell reported that when he was compliant with his medications, Plaintiff was able to leave his home to go to the barber and dentist.  The ALJ recognized that Plaintiff's condition, as Plaintiff reported it, caused him limitations, but the ALJ also recognized the conflicting evidence that did not support the totally disabling nature of those limitations.  It was proper of the ALJ to do so. See 20 C.F.R. § 404.1529(c) ("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your history, the signs and laboratory findings, and statements from you, your treating or nontreating source, or other persons about how your symptoms affect you.  We also consider the medical opinions of your treating source and other medical opinions. . . . ."); Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999) (explaining that

11

allegations of pain and other subjective symptoms must be supported by objective medical evidence, and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony); SSR 96-7p ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."); 20 C.F.R. § 416.929(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence. . . .").

   Plaintiff argues that his non-compliance with his therapy and drug treatment is a symptom of his mental disability, rather than evidence that his mental impairment is not severe. In certain circumstances, it is a valid consideration that a mentally ill person's non-compliance with psychiatric medications can be "the result of [the] mental impairment [itself] and, therefore, neither willful nor without a justifiable excuse." Harper v. Colvin, 2015 WL 1322168, at *9

12

(M.D. Pa. Mar. 24, 2015) (citing Pate-Fires v. Astrue, 564 F.3d 935, 945 (8th Cir. 2009)) (concerning a claimant who suffers from bipolar disorder, schizoaffective disorder, and schizophrenia). In Plaintiff's case, however, there has been no credible justification, by Plaintiff or any medical source, that his failure to take the medication prescribed by Dr. Bell was caused by his social anxiety disorder.[1]  Moreover, the case law and regulations are clear: "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling," Dearth v. Barnhart, 34 F. App'x 874, 875 (3d Cir. 2002) (citation omitted), and "[i]n order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work," 20 C.F.R. § 404.1530.

Instead of completely disregarding Plaintiff's testimony about his condition and concluding that Plaintiff's mental impairment was not disabling at all, the ALJ credited Plaintiff's testimony and the opinions of the consultative doctors to determine that his anxiety disorder did limit his

---

[1] In one record, Dr. Bell noted that Plaintiff did not continue taking his medication because his prescriptions ran out, but in another record attributed his non-compliance as a symptom of his mental condition.  As found by the ALJ (R. at 32), these statements conflict with each other, as well as Plaintiff's testimony.

13

ability to perform not only his past work as a fast food worker, but many other jobs. In that vein, the ALJ found that Plaintiff could only perform unskilled, light work that precluded certain physical characteristics, like climbing ladders or being around environmental irritants, and, related to Plaintiff's mental impairment, that Plaintiff must be in a stable workplace with few changes, only occasional interaction with supervisors and co-workers, and no real contact the general public. Substantial evidence in the record supports this determination.[2]

**III. Conclusion**

For the reasons expressed above, the ALJ's determination that Plaintiff is not totally disabled as of April 3, 2009, is supported by substantial evidence. Accordingly, the decision of the ALJ is affirmed. An accompanying Order will be issued.


Date: August 17, 2015              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[2] Plaintiff does not specifically argue that the ALJ erred in his assessment of his RFC, only that if the ALJ properly credited his testimony and Dr. Bell's opinion, the ALJ would have to come to the conclusion that Plaintiff does not retain any RFC to perform work available in the national economy. Even if Plaintiff specifically challenged the ALJ's assessment that Plaintiff retained the RFC to perform light work, the issue of the RFC assessment is reserved for the Commissioner, and a physician's opinion thereon is not entitled to any special significance. 20 C.F.R. § 404.1527(e).